# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>           Petitioner,<br><br>v.<br><br>SUPERINTENDENT KERESTES, et al.,<br><br>           Respondents. | CIVIL ACTION NO. 3:13-CV-02800<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

      This matter is before the Court upon Alford's motion requesting an order certifying a class action pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, and his contemporaneous motion requesting the appointment of class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, both of which were received and filed by the Court on November 15, 2013. (Doc. 7-1; Doc. 7). On January 21, 2014, the Court received and filed a second motion renewing Alford's requests for certification of a class action and for appointment of class counsel. (Doc. 13).

      This action was initiated by the filing of a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2013. (Doc. 1). At the time of the filing of this federal habeas petition, Alford was incarcerated at SCI Mahanoy, which is located in Schuylkill County, Pennsylvania. In his petition, Alford has challenged his continued incarceration on the grounds that Pennsylvania Board of Probation and Parole violated his substantive due process rights under the Fourteenth Amendment when they denied him parole on October 24, 2013, and that this denial of parole was in retaliation for his efforts to challenge his incarceration through litigation in both state and federal courts, thus violating his right to access the courts

under the Sixth and Fourteenth Amendments and the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments.

It is an unsettled question whether Rule 23 of the Federal Rules of Civil Procedure, providing for class actions, is applicable to habeas corpus. *See Middendorf v. Henry*, 425 U.S. 25, 30 (1976); *Harris v. Nelson*, 394 U.S. 286, 294 n.5 (1969). But even if it is applicable here, Alford has failed to meet the minimum requirements for certification of a class action.

Four prerequisites must be met to obtain certification of a class action:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

A class can only be certified if all four requirements of Rule 23(a) are met. *Fotta v. Trustees of United Mine Workers of Am.*, 319 F.3d 612, 618–19 (3d Cir. 2003). Alford, who is proceeding *pro se*, cannot satisfy the fourth requirement, adequacy of representation. *Nunez v. Lindsay*, No. 3:CV-05-1763, 2006 WL 3242111, at *1 (M.D. Pa. Nov. 7, 2006) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Alexander v. N.J. State Parole Bd.*, 160 Fed. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.") (citing *Oxendine*); *Oxendine*, 509 F.2d at 1407 ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). This is so because the "[a]bility to protect the interests of the class depends in part on the quality of counsel, and . . . the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407.

Because Alford cannot satisfy all four of the prerequisites to class certification under Rule 23(a), his motions requesting the certification of a class action should be denied. As a consequence, his companion motion requesting the appointment of class counsel should also be denied. *See Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010) ("[U]nder the plain language of [Rule 23(g)], a district court's decision to certify a class must *precede* the appointment of class counsel.").

Based on the foregoing, it is recommended that Alford's motions for class certification and for the appointment of class counsel (Doc. 7-1; Doc. 7; Doc. 13) be **DENIED**.

                                            **BY THE COURT:**

**Dated: June 17, 2014**                             *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG ALFORD,<br><br>           Petitioner,<br><br>v.<br><br>SUPERINTENDENT KERESTES, et al.,<br><br>           Respondents. | CIVIL ACTION NO. 3:13-CV-02800<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 17, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 17, 2014               *s/ Karoline Mehalchick*
                                   **KAROLINE MEHALCHICK**
                                   **United States Magistrate Judge**