IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | : | No. 3:13cv2800 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| SUPERINTENDENT KERESTES, | : | (Magistrate Judge Mehalchick) |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION & PAROLE, and | : | |
| PENNSYLVANIA ATTORNEY | : | |
| GENERAL, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Petitioner Craig Alford's motion to recuse (Doc. 6) and Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R") regarding petitioner's motions for class certification and appointment of class counsel (Doc. 37). The matters are fully briefed and ripe for disposition.

**Background**

Petitioner Craig Alford (hereinafter "petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2013.[1] (Doc. 1). Petitioner challenges his continued incarceration contending that the

---

[1] The petition was assigned to Magistrate Judge Karoline Mehalchick, and on June 17, 2014, Judge Mehalchick order the petition served on respondents. (Doc. 36).

Pennsylvania Board of Probation and Parole's (hereinafter "the Board of Probation") decision to deny him parole on October 24, 2013 violated his substantive due process rights under the Fourteenth Amendment.  (Id. at 6). Petitioner also asserts that the Board of Probation is retaliating against him for accessing the courts in contravention of the Eighth Amendment.  (Id. at 7).

Subsequent to filing his petition for a writ of habeas corpus, petitioner filed a motion to recuse the undersigned judge on November 22, 2013.  (Doc. 6).  Three days later, petitioner filed a motion pursuant to Federal Rule of Civil Procedure 23(c) to certify a class action on behalf of every inmate that has been denied parole.  (Doc. 7-1).  Simultaneous with his request to certify a class action, petitioner filed a motion under Federal Rule of Civil Procedure 23(g) to appoint class counsel.  (Doc. 7).  Petitioner filed a second motion to certify a class action and appoint class counsel on January 21, 2014.  (Doc. 13).

On June 17, 2014, Magistrate Judge Mehalchick recommended denying petitioner's motions for certification of a class action and appointment of class counsel.  (Doc. 37).  Petitioner filed objections to the R&R on June 25, 2014 making the matter ripe for disposition.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

Plaintiff also filed a motion to recuse or disqualify.  Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'"  United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).

"'A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under § 455(a), if a reasonable man, were

he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)).  Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree."  Liteky v. United States, 510 U.S. 540, 550 (1994) (emphasis in orginal).

**Discussion**

  Magistrate Judge Mehalchick recommends denying petitioner's motions for class certification and appointment of class counsel.  Petitioner filed two objections.  First, petitioner argues that Magistrate Judge Mehalchick lacks the authority to preside over his case.  Second, petitioner contends that class certification and appointment of class counsel are appropriate.  Additionally,

petitioner seeks the court's recusal contending the undersigned judge is biased against him. The court will address these issues *in seriatim*.

## A.  Magistrate Judge's Authority

Petitioner initially objects to Magistrate Judge Mehalchick's authority to rule upon his motions for class certification and appointment of class counsel. The Federal Magistrate Act provides that a magistrate judge cannot directly rule upon a motion for class certification.  See 28 U.S.C. § 636(b)(1)(A) ("Notwithstanding any provision of law to the contrary . . . a [district court] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or to permit maintenance of a class action . . . ."). A magistrate judge can, however, issue a report and recommendation, which is subject to the district court's *de novo* review.  See 28 U.S.C. §§ 636(b)(1)(B)-(C) ("A [district court] judge may also designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [to dismiss or to permit maintenance of a class action] . . . . The magistrate judge shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties.").

Stated differently, the magistrate judge makes a recommendation with regard to petitioner's motion for class certification.  Next, the district court makes a *de novo* determination of those portions of the recommendation against which objections are made.   28 U.S.C. § 636(b)(1)(c); Sullivan, 723 F.2d at 1085.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson, 812 F.2d at 877.  Therefore, petitioner's objection will be overruled because the district court judge makes the final determination regarding petitioner's request for class certification, not the magistrate judge.

**B.  Class certification and class counsel**

Magistrate Judge Mehalchick recommends denying petitioner's motion for class certification and appointment of class counsel.  Four prerequisites must be met to obtain certification of a class: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and 4) the representative parties will fairly and adequately protect the interests of the class.  See FED. R. CIV. P. 23(a).  A district court can only certify a class if all four requirements of Rule 23(a) are met.  In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305,

309 (3d Cir. 2008); In re Prudential Ins. Co. of Am. Sales Practice Litig., 148 F.3d 283, 308-09 (3d Cir. 1998).

Petitioner, who is proceeding *pro se*, cannot satisfy the fourth element. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (finding that "[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Alexander v. N.J. State Parole Bd., 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (*per curiam*) (noting that "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates."). Thus, *pro se* litigants are generally not appropriate as class representatives because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." Oxendine, 509 F.2d at 1407; see also Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009) (same). Accordingly, because petitioner is an incarcerated, *pro se* litigant, he is not an appropriate representative of the proposed class. Therefore, the court will adopt Magistrate Judge Mehalchick's recommendation denying petitioner's request for class certification.

Finally, petitioner requests the appointment of class counsel. The Third Circuit Court of Appeals has stated that "under the plain language of [Rule 23(g)], a district court's decision to certify a class must **precede** the

appointment of class counsel." Sheinberg v. Sorensen, 606 F.3d 130, 132, 134 (3d Cir. 2010) (emphasis in original).  Because the court will deny petitioner's request for class certification, the court will also deny his motion for appointment of class counsel.

## C. Recusal

Finally, Petitioner asserts that the undersigned judge has a personal bias and prejudice against him.  Accordingly, the petitioner seeks the judge's recusal.   We find no justification for recusal.

First, the petitioner asserts that the court's previous adverse decisions against him establish extrajudicial bias and prejudice.  A judge's opinions formed on the basis of events occurring in the course of prior proceedings, however, do not constitute a basis for recusal unless they display a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555-56 (1994).  Petitioner has failed to allege any "deep-seated and unequivocal antagonism."  The court's prior rulings, therefore, do not provide any basis for recusal.

Petitioner also raises the issue that the court has "shown personal bias to petitioner . . . ." (Doc. 6, Mot. to Disqualify at 3).  Petitioner, however, fails to provide any evidence of what personal bias the court has exhibited toward

him.  See Vampire Nation, 451 F.3d at 208 (stating that "[b]eliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" (quoting United States v. Antar, 53 F.3d at 574)).  Thus petitioner's unsubstantiated allegations of personal bias do not merit recusal.

**Conclusion**

For the reasons stated above, the court will overrule plaintiff's objections and adopt the R&R denying petitioner's motions for class certification and appointment of class counsel.  The court will also deny petitioner's motion for recusal.  An appropriate order follows.

Date:   07/07/14                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**